2016 UT App 75

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF J.M.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

E.M.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20151031-CA
Filed April 14, 2016

Second District Juvenile Court, Ogden Department
The Honorable Sharon S. Sipes
No. 146358

Jason B. Richards, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorney
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES GREGORY K. ORME, MICHELE M. CHRISTIANSEN, and
KATE A. TOOMEY.

PER CURIAM:

¶1    E.M. (Mother) appeals from the juvenile court's permanency order placing J.M. in the custody and legal guardianship of relatives and terminating the juvenile court's jurisdiction over the matter.

¶2    "[I]n order to overturn the juvenile court's decision [concerning the permanent status of a child,] 'the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been

made.'" *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Further, we give the juvenile court a "'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field.'" *Id.* (citations omitted). Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3 While Mother argues that there was insufficient evidence to support the juvenile court's determination that reunification with Mother was not in J.M.'s best interest, the record supports the juvenile court's decision. J.M. did not want to return to Mother's custody. J.M. did not believe that Mother had made the necessary changes in her life that would prevent the family from being in the exact same circumstances that led to J.M.'s removal in the first place. J.M.'s individual desires were even more important in this case because he was receiving therapy due to the trauma caused by Mother's alcohol abuse and resulting neglect. These issues with trauma were reflected in the fact that at points during the reunification period J.M. would feel physically ill before and after visits with Mother. Further, J.M.'s therapist testified that J.M. experienced a significant amount of anxiety at the thought of returning to Mother's care, and the therapist would not recommend such a return without a safety plan. This evidence supports the juvenile court's determination that it was not in J.M.'s best interest to be reunited with Mother.

¶4 Further, despite the fact that Mother's therapist testified that Mother was doing very well in therapy, the juvenile court specifically found that the therapist's testimony did not weigh in

favor of reunification because the testimony did not demonstrate how this round of treatment would have a better result than previous attempts at treatment. Mother had been through alcohol treatment and therapy on several previous occasions. Each time, her counselors had indicated how well Mother was doing and how she was learning from past mistakes. However, each time, Mother reverted to her previous behavior of alcohol abuse, sometimes within as little as one month of the reports detailing her positive progress. Based on the failure to address this issue, the juvenile court determined that the therapist's testimony was not overly helpful. Ultimately, there was evidence in the record to support the juvenile court's decision that reunification was not in J.M.'s best interest, and it is not within our province to reweigh that evidence. *See id.*

¶5      Mother next argues that the juvenile court erred in determining that the Division of Child and Family Services (DCFS) provided reasonable efforts to reunite her with J.M. In so arguing, Mother points to only one alleged deficiency in DCFS's efforts to reunite her with J.M., namely its alleged failure to timely begin reunification or family therapy. However, a review of the juvenile court's findings, as well as the record as a whole, demonstrates that the reason family therapy was not more extensive or begun earlier was due to J.M.'s need to undergo trauma therapy prior to joint therapy with Mother. J.M.'s trauma therapy was necessitated by the trauma caused by Mother's years of alcohol abuse and resulting neglect of J.M. The fact that J.M. was not in a position to begin family reunification therapy until late in the process cannot be used as a ground to challenge DCFS's reunification efforts. Under the circumstances, we cannot say that the juvenile court's findings concerning DCFS's efforts to reunify Mother with J.M. were against the clear weight of the evidence. Further, those findings support the juvenile court's ultimate determination that such efforts were reasonable.

¶6      Affirmed.

_____